■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE DE RENNZIO, Appellant.— Judgment convicting defendant of the crime of murder, first degree, unanimously affirmed. We discuss briefly one issue raised by appellant. He and others entered a pawnshop during business hours and attempted a robbery. Upon the arrival of police officers appellant and the others fled but in the course thereof an officer was shot and killed. Defendant made several exculpatory statements but on the same day an indictment was returned an inculpatory statement was made. While some minor objections were made to certain questions and answers on the ground of irrelevancy no

objection was made to the receipt in evidence of the statement. This may well have been no oversight as defense counsel in his summation made forceful use thereof to support the principal, if not only, defense — (1) that the robbery had been effectively abandoned so that there could be no finding of a felony murder and (2) that the fatal shot was not fired by appellant. The admission in evidence, over objection, of a postindictment statement is reversible error (*People* v. *Di Biasi,* 7 N Y 2d 544) but herein the absence of such objection "no question of law has been preserved for our review" (*People* v. *Friola,* 11 N Y 2d 157, 159). We recognize our right to reverse in the interests of justice (*People* v. *Kelly,* 12 N Y 2d 248) but we find nothing in this record that moves us towards such a conclusion. Lastly, there having been no objections to the receipt of the several statements, the trial court not having charged on the issue of voluntariness and there having been no exception thereto or request so to charge there is no necessity for a nonjury hearing on this issue. (*People* v. *Huntley,* 15 N Y 2d 72.) Concur — Rabin, J. P., Stevens, Eager, Steuer and Bastow, JJ.